IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHY D. ESQUIVEL, )
)
               Plaintiff, )
)
    v. )
)   Civil Action No. 10-137J
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
)
            Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _11th_ day of April, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her DIB and SSI applications on September 6, 2006, alleging disability beginning August 25, 2006, due to degenerative joint disease, arthritis and a deteriorating disc in her back. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on September 11, 2008. On October 23, 2008, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on March 30, 2010, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a limited education, was 47 years old on her alleged onset date of disability and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Although plaintiff has past relevant work experience as a cook and a waitress, she has not engaged in substantial gainful activity at any time since her alleged onset date.

After reviewing plaintiff's medical records and hearing

testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar and cervical spine, degenerative joint disease, depressive disorder and generalized anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of light work with a number of additional limitations. Plaintiff is limited to occasional kneeling, stooping, crouching, crawling and climbing, and she requires the option to sit or stand during the workday for one or two minutes every hour or so. In addition, plaintiff must avoid concentrated exposure to cold temperature extremes and extreme dampness. Finally, plaintiff is limited to simple, routine, repetitive tasks that are not performed in a fast-paced production environment and that involve only simple work-related decisions and relatively few work place changes (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform her past relevant work. Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and

AO 72
(Rev. 8/82)

residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a folder, garment sorter or router. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4),

416.920(a)(4). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process. At step 3, plaintiff argues that the ALJ erred by concluding that her impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 5 finding that she retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. The court finds that these arguments lack merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process. At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments. Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity. 20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000). "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary." Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment. Id. at 120 n.2. However, it is the claimant's burden to present medical findings that show her impairment matches or is equivalent to a listed impairment. Williams v. Sullivan, 970 F.2d

✎AO 72
(Rev. 8/82)

1178, 1186 (3d Cir. 1992). In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for her decision. Burnett, 220 F.2d at 119.

According to plaintiff, the ALJ erred in failing to find that she meets or equals a listing under 1.00 (musculoskeletal disorders), 12.04 (affective disorders) or 12.06 (anxiety related disorders). Contrary to plaintiff's position, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at her step 3 finding. The ALJ analyzed the medical evidence of record and found that plaintiff suffers from degenerative disc disease of the lumbar and cervical spine, degenerative joint disease, depressive disorder and generalized anxiety disorder, all of which are severe impairments. However, the ALJ determined that plaintiff's impairments, even when considered in combination, do not meet or equal any listed impairment. The ALJ's decision indicates that she considered listings under 1.00 and 12.00, but she found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 12). The ALJ then explained her reasoning as to why plaintiff's impairments do not meet or equal any listing. (R. 12).

The ALJ satisfied her burden; however, plaintiff failed to sustain her burden of showing that her impairments meet, or are equal to, a listing. Other than broadly asserting that she meets or equals a listing under 1.00, 12.04 or 12.06, plaintiff did not demonstrate that the evidence of record substantiates her argument. Furthermore, the court notes that no medical source of

AO 72
(Rev. 8/82)

record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical, mental, sensory and other requirements. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff argues that the ALJ erred at step 5 because she did not properly weigh the respective opinions of Dr. Gregory Slick, who was plaintiff's primary care physician, and Dr. Lihui Tang and Dr. V.K. Suresh Rajan, who treated plaintiff for her mental impairments. A treating physician's opinion is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2). Under this standard, the

AO 72
(Rev. 8/82)

respective opinions of Drs. Slick, Tang and Rajan were not entitled to controlling weight.

Dr. Slick completed a form report entitled, "Medical Source Statement of Claimant's Ability to Perform Work-Related Physical Activities," on which he checked boxes to indicate that plaintiff can lift up to 100 pounds occasionally, but she only is able to sit less than six hours during an eight hour workday, she only is able to stand and walk one hour or less during the workday, and she can never perform any postural activities. (R. 211-12). The ALJ did not give controlling weight to Dr. Slick's assessment of plaintiff's physical capabilities, rather finding that plaintiff could perform light work that involves only occasional postural maneuvers and provides her the option to sit or stand for brief periods every hour.

The ALJ properly weighed Dr. Slick's assessment of plaintiff's physical capabilities and determined it was not entitled to controlling weight for a number of reasons. First, Dr. Slick completed a check-the-box form report on which he did not cite any medical evidence to support his findings, despite the fact that the form provided space for him to do so. (R. 211-12).

Further, Dr. Slick's restrictive assessment of plaintiff's ability to sit, stand, walk and perform postural maneuvers is contradicted by other evidence in the record. An MRI of plaintiff's cervical spine showed no evidence of any significant abnormality, and an MRI of her lumbar spine showed some minimal degenerative changes, but no disc herniation. (R. 190). An x-ray

AO 72
(Rev. 8/82)

of plaintiff's cervical spine showed only minimal degenerative changes and a lumbar spine X-ray indicated only minimal degenerative disc disease. (R. 191). An EMG test for nerve damage was normal. (R. 206-07).

Finally, Dr. Slick's opinion was contradicted by the results of a consultative examination performed by Dr. Stanley Kotala. Dr. Kotala's physical examination of plaintiff revealed full range of motion in all extremities, no joint swelling or tenderness, no edema, and only slightly decreased back flexion with no tenderness. (R. 196). Plaintiff's most recent primary care physician, Dr. Somsek Thiplueporn, likewise found that she had only mild tenderness in her lumbar spine, and noted that she did not take any medication for her back problems. (R. 241-42). In addition, from a neurological standpoint, Dr. Kotala found that plaintiff had 5/5 strength, normal deep tendon reflexes and a normal gait. (R. 197). For these reasons, as well as those discussed above, the ALJ properly weighed Dr. Slick's assessment of plaintiff and determined it was not entitled to controlling weight.

The ALJ likewise properly concluded that Dr. Tang's and Dr. Rajan's respective assessments of plaintiff were not entitled to controlling weight. Dr. Tang briefly treated plaintiff in January 2008, while she was hospitalized for depression with suicidal behavior. On discharge, Dr. Tang found that plaintiff was in stable condition and assessed her Global Assessment of Functioning

AO 72
(Rev. 8/82)

("GAF") score at 50.[1] (R. 228). In February 2008, Dr. Rajan performed a psychiatric evaluation of plaintiff and assessed her GAF score at 40. (R. 238-39). Dr. Rajan, who continued to provide plaintiff with therapy and medication for her mental impairment, rated plaintiff's GAF score at 45 in July 2008. (R. 237).

The Third Circuit Court of Appeals has recognized that GAF scores do not have a direct correlation to the severity requirements of the Social Security mental disorder listings, and consequently has held that a GAF score of 45 is not conclusive evidence of a mental disability. See Gilroy v. Astrue, 351 Fed.Appx. 714, 715 (3d Cir. 2009). Like any other evidence in a social security case, a GAF score may be disregarded or accorded little weight depending upon its consistency with the record as a whole.

Here, the ALJ considered plaintiff's GAF scores, but correctly determined they were not entitled to great weight because they were inconsistent with other record evidence. (R. 14). First despite assigning plaintiff GAF scores ranging from

---

[1]The GAF scale, designed by the American Psychiatric Association, is used by clinicians to report an individual's overall level of mental functioning. The GAF scale considers psychological, social and occupational functioning on a hypothetical continuum of mental health to illness. The highest possible score is 100 and the lowest is 1. A score between 41 and 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). Diagnostic and Statistical Manual of Mental Disorders (4th Ed. 2000).

AO 72
(Rev. 8/82)

40-50, neither Dr. Tang nor Dr. Rajan expressed any opinion regarding plaintiff's ability to perform basic mental work activities, such as understanding instructions, using judgment, responding to supervisors and co-workers and dealing with work place changes. See 20 C.F.R. §§404.1521(b)(3)-(6), 416.921(b)(3)-(6) (identifying basic mental work-related activities). In addition, contrary to Dr. Rajan's GAF assessment, his treatment notes indicated that plaintiff was doing fairly well on her medication. (R. 237). Moreover, plaintiff told her new primary care physician in August 2008, that she treats with Dr. Rajan for anxiety and depression, takes medication for those conditions, and stated she has been fine as a result. (R. 241). In sum, the totality of evidence in the record does not support Dr. Tang's and Dr. Rajan's GAF scores, and the ALJ properly found those assessments were not entitled to great weight.

After carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901